Mr. Justice Hall specially
concurring:
The trial judge found:
“The Court finds that Exhibit C, the so-called power of attorney, is coupled with an interest and therefore is irrevocable.
“The Court further finds that as an irrevocable instrument it has created an equitable assignment and as such is contrary to the statute covering the Public Employees Retirement Association Act.
“For the reasons stated, Exhibit C is void and of no effect, and is a document upon which the Association should not have paid funds of the plaintiff, nor should it have recognized Exhibit C.
“Accordingly, the Court finds for the plaintiff and against the defendants and each of them, and gives judgment in behalf of the plaintiff and against the defendants and each of them, in the amount of $1,211.78 and costs.”
The majority opinion, contrary to the foregoing, holds that this so-called power of attorney is a power of attorney and nothing more. I disagree with this holding.
*245 In determining the nature and effect of the document we should not shut our eyes to surrounding facts and the ends sought by the parties.
The Credit Union is not engaged in the business of serving as attorney in fact for others; it is engaged in making loans and, in so doing, taking precautions to see that recovery be had of the monies loaned.
The power was executed in connection with making a loan, creation of a debtor-creditor relationship. The power remains in force “so long as this note remains unpaid.” What can be meant by “this note” other than a note taken for a loan made at the time of the execution of the power and all as one transaction. Clearly the power of attorney was demanded and given to the end that on Johnson terminating his employment, he then being a less desirable risk because unemployed, the Credit Union, armed with this power of attorney, could demand and receive from the Association funds credited to Johnson’s account with the Association.
Johnson, on May 4th, on a printed form supplied by the Association, made his “demand for refund.” He did not get his money. Why? Presumably because of the strange coincidence that the Credit Union, on that very same day, filed with the Association its power of attorney. Strangely, the record does not disclose which document was first received by the Association.
Johnson, on May 11th, on a printed form supplied by the Association, notified the Association that he wished to apply for a deferred annuity. By another strange coincidence, on that very same day, the Association, acting no doubt pursuant to one of these so-called powers of attorney, paid to the Credit Union all of Johnson’s funds. Here, again, the record is strangely silent as to whether the payment was made before or after receipt by the Association of Johnson’s application for a deferred annuity.
On May 11th, the Credit Union demanded and received from the Association the amount credited to Johnson’s account. Did the Credit Union, as a mere attorney *246 in fact, turn the money over to Johnson? No! It pocketed the money and credited the amount on Johnson’s indebtedness. Through the cooperative efforts of all of the parties to this action, the end result was to achieve that which the statute says shall not come to pass.
The Credit Union is in an unenviable position. If it contends that it did have an interest in Johnson’s money, it runs afoul of C.R.S. ’53, 111-1-20; on the other hand, if it contends that it had no interest in Johnson’s money, then it is chargeable with the unlawful conversion and appropriation thereof to its own use.
Inescapably, Johnson, the Credit Union and the Association, through their devious means, succeeded in accomplishing that which the legislature sought to prevent.
As I interpret the majority opinion, the procedures followed by the parties here are approved. Had there been no revocation of the power of attorney, Johnson’s retirement funds would be gone and he would be without recourse.
In my opinion the procedures followed are designed to (and in this case did) circumvent the plain language of the statute and should be pronounced void.